UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CRIMINAL MINUTES – GENERAL

Case No.  2:25-mj-03689                              Date:  July 9, 2025

Title    *United States v. Paul Randall*

Present: The Honorable  Brianna Fuller Mircheff, United States Magistrate Judge

| Christianna Howard | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| N/A | N/A |

**Proceedings:**   **Order Denying Application to Reconsider Order of Detention (ECF 18)**

   Defendant Paul Randall is charged in a complaint alleging health care fraud in violation of 18 U.S.C. § 1347. He made his initial appearance on June 27, 2025. After a contested detention hearing, the Court ordered him detained and issued a written detention order. (ECF 12.)

   On July 2, 2025, Mr. Randall applied for reconsideration of the prior order. (ECF 18.) In his application, he indicated that he had secured additional sureties and had additional information concerning his health conditions. A detention hearing may be reopened "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2)(B). The Court found that the circumstances presented in the application constitute new information that warrant reopening the detention hearing.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

Case No.  2:25-mj-03689                    Date:  July 9, 2025

Title  *United States v. Paul Randall*

The Court therefore set a hearing on Defendant's application on July 8, 2025, received briefing from both parties, and heard extensive argument from counsel. After re-reviewing the evidence presented at the initial hearing and that submitted in connection with the second hearing, the Court again concludes that detention is appropriate and thus denies the Application.

The Court previously found that the government was entitled to a detention hearing under § 3142(f). (*See* ECF 12 at 2.) The Court makes that finding again. Section 3142(f) does not specify a standard by which the Court must find a serious risk of flight. As the government points out, however, it stands to reason that the standard for entitlement to a hearing is no greater than the preponderance standard required to detain an individual based on non-appearance. *See United States v. Figueroa-Alvarez*, 681 F. Supp. 3d 1131, 1138 (D. Idaho 2023) (applying preponderance standard). Assuming for argument's sake that the preponderance standard applies, it is met here for the same reasons previously found: Mr. Randall committed a brazen violation of the conditions of his bond by engaging in large-scale fraud while on supervision in a previous case. The conduct alleged in the Complaint, while not yet proved, was also undertaken while he was on bond. While Mr. Randall has never failed to appear in the past, his higher exposure in this case, along with his age and health conditions, present a motive for him to flee to avoid the possibility that he will spend much of the remainder of his life in prison, and unaccounted-for assets would provide a means of doing so. (ECF 12 at 2.) That is enough, at least, to find a serious risk of flight by a preponderance of evidence.

Defense counsel argues that Mr. Randall's long-standing ties to the community, his family's presence here, his faithful appearances for hearings in prior cases, and his health conditions make flight unthinkable. The fact is, for most federal defendants, pulling off multi-million-dollar frauds—twice—while under the supervision of Pretrial Services and awaiting sentencing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

Case No.  2:25-mj-03689                              Date:  July 9, 2025

Title   *United States v. Paul Randall*

would be unthinkable too. The hubris involved in Mr. Randall's earlier decisions shape the Court's view about what is unthinkable at this juncture. The Court thus finds that the government is entitled to a detention hearing.

At the initial hearing, after finding that the government was entitled to a detention hearing, the Court found that there were no conditions that would adequately protect the community from the economic risk posed by Mr. Randall. The newly presented evidence does not change the Court's view on that point.

Mr. Randall offers two sureties beyond those that were offered previously, a total of $40,000 in unsecured appearance bonds signed by two of Mr. Randall's sons. These additional sureties do not persuade the Court that Mr. Randall is less of a danger to the community; the amount pledged by the new sureties is dwarfed by the amount of fraud alleged in this case and is only marginally more than what was offered at the previous detention hearing.

Defense counsel also provided more information about Mr. Randall's health issues. The Court does not believe Mr. Randall is malingering, as the records support a finding that he has a serious infection in his foot and significant heart problems. These health issues, while relevant to both risk of flight and danger, do not ultimately persuade the Court that bond is appropriate. With respect to the infection in his foot, Mr. Randall has had the issue for several months and was treated on an outpatient basis before his arrest. He is now being treated at White Memorial Hospital and is expected to be there for several weeks more as his medical team works to get his infection under control while monitoring his heart condition. While the Court now has a better picture of the health conditions than it did at the first hearing, and has a greater appreciation of their severity, it does not change the Court's view that Mr. Randall poses a serious risk of committing fraud if he were released on bond.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

**Case No.**  2:25-mj-03689         **Date:**  July 9, 2025

Title    *United States v. Paul Randall*

    Mr. Randall argues that his right to counsel is currently impaired and will be impaired going forward by long-term detention. As for his current situation, while far from ideal, the Court notes that counsel have been permitted to visit Mr. Randall four to five times in the ten days since he was arrested. By separate order, the Court will issue an abstract that, the Court hopes, will further facilitate Mr. Randall's ability to prepare for trial and consult with counsel in his present (and likely temporary) situation. Long-term, it remains unclear where Mr. Randall will be transferred to and what barriers in accessing his counsel he will face. The Court will not order release based on conjecture about future unknown circumstances.

    The application to reconsider Mr. Randall's detention status (ECF 18) is therefore **denied.**

Initials of Preparer:    ch